UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
_____
                                )
KEVIN BROOKS,                   )
                                )
         Plaintiff,             )
                                )
v.                              )
                                )
MARTHA'S VINEYARD               )    Civil Action No. _____
TRANSIT AUTHORITY,              )
TRANSIT CONNECTION, INC.,       )
and JAMES TAYLOR.               )
                                )
         Defendants.            )
_____)
```

# PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

## INTRODUCTION

This action arises from the horrific and unlawful treatment of Plaintiff, Kevin Brooks ("Plaintiff" or "Mr. Brooks"), by Defendants, Martha's Vineyard Transit Authority ("VTA"), Transit Connection, Inc. ("TCI"), and James Taylor (collectively referred to as "Defendants"). Mr. Brooks seeks to recover mandatory treble damages, interest, costs, and attorneys' fees.

## PARTIES

1. Mr. Brooks is an individual with a principal residence in New Bedford, Massachusetts.

2. VTA is a public transit authority with a principal place of business located at 11 A Street, Edgartown, Massachusetts.

3. TCI is a domestic corporation with a principal place of business located at A Street, MVBP RR 1, Edgartown, Massachusetts. TCI is the VTA's operating company.

1

4.      Mr. Taylor is an individual who, on information and belief, has a principal residence in the Commonwealth of Massachusetts.

## JURISDICTION

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6.      Venue is appropriate pursuant to 28 U.S.C. § 1391(b).

## FACTS

7.      On Wednesday, July 11, 2018, Mr. Brooks, who is a barber, was traveling from his place of employment in Edgartown, Massachusetts to his home in New Bedford.  As had been his customary practice for approximately three years, Mr. Brooks left work and sought to board the Route 13 bus, which travels from Church Street in Edgartown to the ferry terminal in Oak Bluffs (and then to the ferry terminal in Vineyard Haven).

8.      In the late afternoon, Mr. Brooks waited for the Route 13 bus at Beach Road across from the triangle.

9.      That day, Mr. Taylor was driving the VTA bus wearing a VTA hat and uniform as he had countless times before.

10.     As the bus approached the Beach Road stop, Mr. Brooks raised his hand to indicate to Mr. Taylor that he sought to board the bus.  Mr. Brooks could see that the bus was not at capacity and fully intended to board the bus upon approach.  Mr. Taylor and Mr. Brooks made eye contact as Mr. Brooks waited on the side of the road.  Mr. Taylor then consciously and deliberately drove directly past Mr. Brooks.

11.     Mr. Brooks was understandably surprised and shocked by Mr. Taylor's decision to drive by him.

12. Mr. Brooks then used the mobile application Uber to request a ride to the Oak Bluffs ferry terminal. Mr. Brooks boarded an Uber and followed the Route 13 bus to the ferry terminal.

13. During his ride to the ferry terminal, and after he had been passed by, Mr. Brooks viewed Mr. Taylor allowing Caucasian passengers on the bus. In fact, video footage from the bus shows that Mr. Taylor picked up a Caucasian family of three between the time he refused to allow Mr. Brooks onboard and the time the Route 13 bus reached the Oak Bluffs ferry terminal.

14. Upon arriving at the Oak Bluffs ferry terminal, Mr. Brooks got out of the Uber and approached the Route 13 bus, which was parked and offloading passengers. After the passengers had gotten off the bus, Mr. Brooks approached the doorway of the bus, where Mr. Taylor was sitting in the driver's seat. Mr. Brooks then politely asked Mr. Taylor if there was a reason why he did not stop to pick him up in Edgartown. Mr. Taylor then stated "I don't know." When Mr. Brooks pressed him for an answer, Mr. Taylor stated—falsely—"I was full." Mr. Brooks expressed his disagreement, as he could see the bus was, in fact, not full when it drove by him. Mr. Taylor's reply was that "looks are deceiving" and that passengers cannot stand in front of the white line. Mr. Taylor then stated **"Well it's because you're Black."**

15. Mr. Brooks, understandably, felt utter shock and disbelief that Mr. Taylor—operating a public bus on behalf of VTA—had admitted that he had refused to allow Mr. Brooks entrance onto the bus solely because of his race.

16. As Mr. Brooks walked away from the Route 13 bus, he was overwhelmed by sadness and humiliation over what had transpired. He began to cry.

17. Mr. Brooks later filed a complaint with VTA. On information and belief, after reviewing the audio and video footage, VTA recognized how abominable Mr. Taylor's actions

were and terminated his employment.  This fact corroborates Mr. Brooks' account of the events and, moreover, demonstrates the validity of his claims.

18. Since July 11, 2018, Mr. Brooks has replayed this incident in his mind over and over again.  It has exacerbated preexisting emotional distress caused by discrimination he has previously suffered in the United States, first as a child in the South and later as an adult in Massachusetts.

19. Additionally, Mr. Brooks has suffered from a loss of sleep due to the incident.

20. Mr. Taylor, who is Caucasian, acting as an employee of VTA and TCI, violated Mr. Brooks' basic civil rights by refusing him entrance onto the Route 13 bus because of the color of his skin.

21. Mr. Brooks was denied access to public transportation—a place of public accommodation—because of his race.

22. The audio/video footage reveals Mr. Taylor admitting that he refused to allow Mr. Brooks onto the bus—**"…because you're Black"**—thus providing direct evidence of a civil rights violation.

23. On information and belief, Mr. Taylor has been fired from employment with VTA.

24. As a result of Defendants' actions, Mr. Brooks no longer takes the VTA bus and is required to pay for alternate transportation to get to and from work.

25. As a result of Defendants' actions, Mr. Brooks has suffered damages, including, but not limited to, severe emotional distress and other damages.

## COUNTS OF THE COMPLAINT

### -COUNT I-
### VIOLATION OF MASSACHUSETTS PUBLIC ACCOMODATION ACT
### M.G.L. c. 272 §§ 92A and 98
### (Brooks v. Defendants)

26. Plaintiff hereby restates and incorporates each paragraph of this Complaint as if fully stated herein.

27. Mr. Brooks is a member of a racial minority and, therefore, a member of a protected class.

28. The VTA and TCI provide transportation services that qualify as a "public accommodation" under M.G.L. c. 272 § 92A.

29. Defendants committed race discrimination against Mr. Brooks when they denied him admission to the transportation services.

30. Defendants' actions as detailed herein constitute violations of the Massachusetts Public Accommodation Act, and Defendants are thus liable for damages.

31. As a result of Defendants' actions, Plaintiff has suffered damages.

### -COUNT II-
### VIOLATION OF MASSACHUSETTS EQUAL RIGHTS ACT
### M.G.L. c. 93 § 102
### (Brooks v. Defendants)

32. Plaintiff hereby restates and incorporates each paragraph of this Complaint as if fully stated herein.

33. Mr. Brooks is a member of a racial minority and, therefore, a member of a protected class.

34. Defendants interfered with Mr. Brooks' right to make and enforce contracts under M.G.L. c. 93 § 102 when they refused to allow Mr. Brooks to board the VTA bus because of his race.

35. Defendants' actions as detailed herein constitute violations of the Massachusetts Equal Rights Act, and Defendants are thus liable for damages.

36. As a result of Defendants' actions, Plaintiff has suffered damages.

### -COUNT III-
### VIOLATION OF 42 U.S.C. § 1981
### (Brooks v. Defendants)

37. Plaintiff hereby restates and incorporates each paragraph of this Complaint as if fully stated herein.

38. Mr. Brooks is a member of a racial minority and, therefore, a member of a protected class.

39. Defendants interfered with Mr. Brooks' right to make and enforce contracts under 42 U.S.C. § 1981 when they refused to allow Mr. Brooks to board the VTA bus because of his race.

40. Defendants' actions as detailed herein constitute violations of 42 U.S.C. § 1981, and Defendants are thus liable for damages.

41. As a result of Defendants' actions, Plaintiff has suffered damages.

### COUNT IV-
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Brooks v. Taylor)

42. Plaintiff hereby restates and incorporates each paragraph of this Complaint as if fully stated herein.

43. Defendant Taylor intended to cause, or at least should have known that his actions would cause, emotional distress when he refused to allow Mr. Brooks to board the bus and told Mr. Brooks that he did not allow him to board the bus "because you're Black."

44. Defendant Taylor's actions were extreme, outrageous, beyond the bounds of decency and utterly intolerable in a civilized society.

45. As a direct result of Defendants' actions, Plaintiff has suffered severe emotional distress and has suffered damages.

## -COUNT V-
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (Brooks v. Defendants)

46. Plaintiff hereby restates and incorporates each paragraph of this Complaint as if fully stated herein.

47. Defendants owed a duty of care to the Plaintiff to provide transportation services free from discrimination.

48. Defendants breached that duty of care by through their negligent conduct.

49. As a result of Defendants' actions, Plaintiff has suffered severe emotional distress resulting in loss of sleep and involuntary reliving of the incident daily, and has suffered damages.

## -COUNT VI-
## VIOLATION OF MASSACHUSETTS CONSUMER PROTECTION ACT
### M.G.L. c. 93A §§ 2 and 9
### (Brooks v. VTA and TCI)

50. Plaintiff hereby restates and incorporates each paragraph of this Complaint as if fully stated herein.

51. At all times relevant hereto, VTA and TCI were engaged in trade or commerce.

52. VTA and TCI engaged in unfair and deceptive practices when they refused to allow Mr. Brooks to board the bus because of his race.

53. By denying Mr. Brooks the ability to board the bus because of his race, VTA and TCI committed actions that were oppressive, unethical, and/or unscrupulous under 940 CMR 3.16.

54. VTA's and TCI's unfair and deceptive actions as detailed herein constitute violations of M.G.L. c. 93A, §§ 2 and 9.

55. As a result of Defendants' actions, Plaintiff has suffered damages.

## PRAYER FOR RELIEF

Plaintiff, Kevin Brooks, prays that this Honorable Court award a judgment in his favor and against the Defendants, for the following relief:

1. Compensatory and consequential damages;
2. Treble damages pursuant to M.G.L. c. 93A;
3. Punitive damages;
4. Costs and expenses of this action;
5. Attorneys' fees;
6. Prejudgment and post-judgment interest; and
7. Such further relief as the Court deems fair and just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on every claim so triable.

Respectfully submitted,

KEVIN BROOKS,

By his attorneys,

Dated:  May 15, 2019         /s/ Eric R. LeBlanc
Eric R. LeBlanc (BBO# 666786)
eleblanc@bennettandbelfort.com
Craig D. Levey (BBO# 681531)
clevey@bennettandbelfort.com
Lauren B. Haskins (BBO #696678)
lhaskins@bennettandbelfort.com
Bennett & Belfort, P.C.
24 Thorndike Street, Suite 300
Cambridge, MA 02141
(617) 577-8800