UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                              )
KEVIN BROOKS,                 )
                              )
            Plaintiff,        )
                              )
       v.                     )          CIVIL ACTION
                              )          NO. 19-11119-WGY
MARTHA'S VINEYARD             )
TRANSIT AUTHORITY; TRANSIT    )
CONNECTION, INC.; and         )
JAMES TAYLOR,                 )
                              )
            Defendants.       )
_____)
```

YOUNG, D.J.                              January 2, 2020

### MEMORANDUM AND ORDER

The present motions for summary judgment raise, among other matters, important questions as to the applicability of several Massachusetts anti-discrimination statutes to governmental entities.  Scant judicial ink has been spilled addressing governmental liability under some of these laws.  These lacunae are perhaps understandable for the Massachusetts Equal Rights Act, passed in 1989, but it is more surprising for the Massachusetts Public Accommodation Law, first enacted in 1865 and amended many times since.  With old and new statutes alike, the Court strives rightly to interpret and justly to apply the law.

For the reasons that follow, the Court DENIES the motion of Martha's Vineyard Transit Authority for summary judgment as to

the claims under the Massachusetts Public Accommodation Law
(Count I) and the Massachusetts Equal Rights Act (Count II), but
GRANTS the motion as to the claims under section 1981 (Count
III), negligent infliction of emotional distress (Count V), and
chapter 93A (Count VI).  The Court further DENIES the motion of
Transit Connection, Inc. for summary judgment as to Counts I,
II, III, and VI but GRANTS the motion as to Count V.

## I.   Undisputed Facts and Procedural History

These motions for summary judgment arise from an incident
on Martha's Vineyard, in which the following facts are
undisputed.  On July 11, 2018, Kevin Brooks ("Brooks") sought to
board a bus in Edgartown, Massachusetts.  Concise Statement
Material Facts Pursuant L.R. 56.1 ("Vineyard Transit Auth. SOF")
¶ 19, ECF No. 54; Statement Material Facts Def. Transit
Connection Inc. Supp. Mot. Summ. J. ("Transit Connection's SOF")
¶¶ 2-3, ECF No. 51.  When the Route 13 bus passed without
picking Brooks up on the way to the ferry terminal, he ordered a
ride on Uber, a ride sharing application.  Id.; Vineyard Transit
Auth. SOF ¶ 28.  Brooks caught up with the bus and asked the bus
driver, James Taylor ("Taylor"), why the bus passed him.  Id.
¶ 40; Transit Connection's SOF ¶ 10.  During a brief back-and-
forth, Taylor first responded "I don't know," then stated "I was
full," which led to a dispute between Brooks and Taylor as to
whether the bus was full.  Id. ¶¶ 13-14; Vineyard Transit Auth.

[2]

SOF ¶¶ 41-45.  Taylor then said "[w]ell, it's because you're black," and the two continued to debate whether the bus was full.  Transit Connection's SOF ¶ 14; Vineyard Transit Auth. SOF ¶ 46.  The interaction was captured on video, a portion of which has been provided to the Court.  Id., Ex. 5, BUS-WATCH Software Brooks v. Martha's Vineyard Regional Transit Auth. (CD-ROM, 11, Jul. 2018), ECF No. 54-5.  Two days after the incident, on July 13, 2018, Taylor was fired by Transit Connection.  Transit Connection's SOF ¶ 15.

Brooks claims that he "felt utter shock and disbelief" and began to cry.  Vineyard Transit Auth. SOF ¶¶ 53-55.  Brooks states that he has since replayed the incident over and over in his mind.  Id. ¶ 56.  Brooks believes the incident "exacerbated preexisting emotional distress caused by discrimination he has previously suffered" and asserts he has lost sleep due to the incident.  Id. ¶¶ 57-58.

On May 15, 2019, Brooks filed a complaint in this Court against Martha's Vineyard Transit Authority ("Vineyard Transit Authority"), Transit Connection, Inc. ("Transit Connection"), and Taylor (collectively, "Defendants").  Pl.'s Compl. Demand Jury Trial ("Compl."), ECF No. 1.  Specifically, Brooks asserts the following counts: (1) Defendants violated the Massachusetts Public Accommodation Law; (2) Defendants violated the Massachusetts Equal Rights Act; (3) Defendants violated 42

U.S.C. § 1981; (4) Taylor is liable for intentional infliction of emotional distress; (5) Defendants are liable for negligent infliction of emotional distress; and (6) Vineyard Transit Authority and Transit Connection violated the Massachusetts Consumer Protection Act.  Compl. ¶¶ 26-55.  Brooks is seeking compensatory, consequential, treble and punitive damages, as well as costs and attorneys' fees.  Id. 8.

On October 1, 2019, Vineyard Transit Authority and Transit Connection each moved for summary judgment.  Def. Martha's Vineyard Transit Auth.'s Mot. Summ. J., ECF No. 49; Mot. Summ. J. Def. Transit Connection Inc., ECF No. 50.  All parties fully briefed the issues.  Mem. Law Def. Transit Connection Inc. Supp. TCI Mot. Summ. J. ("Transit Connection's Mem."), ECF No. 52; Def. Martha's Vineyard Transit Auth.'s Mem. Law Supp. Mot. Summ. J. ("Vineyard Transit Authority's Mem."), ECF No. 53; Opp'n. Pl., Kevin Brooks, Def. Martha's Vineyard Transit Auth.'s Mot. Summ. J. ("Pl.'s Opp'n Vineyard"), ECF No. 60; Pl.'s Opp'n Def. Transit Connection Inc.'s Mot. Summ. J ("Pl.'s Opp'n Transit Connection"), ECF No. 62; Def. Marthas Vineyard Transit Auth.'s Reply Mem. Supp. Mot. Summ. J. ("Vineyard Transit Authority's Reply"), ECF No. 67.  The Court heard argument on the motions for summary judgment on November 25, 2019 and took the matter under advisement.  Electronic Clerk's Notes, ECF No. 70.

## II.  Analysis

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "The party with the burden of proof must provide evidence sufficient for the court to hold that no reasonable fact-finder could find other than in its favor." South Middlesex Opportunity Council, Inc. v. Town of Framingham, 752 F. Supp. 2d 85, 95 (D. Mass. 2010) (Woodlock, J.) (quoting Scottsdale Ins. Co. v. Torres, 561 F.3d 74, 77 (1st Cir. 2009)).

### A.  Massachusetts Public Accommodation Law (Count I)

In Count I, Brooks alleges that Defendants denied him access to the bus because of his race, violating the Massachusetts Public Accommodation Law, codified in chapter 272, sections 92A and 98 of the Massachusetts General Laws.  Compl. ¶¶ 26-31.  The Court DENIES Transit Connection's motion for summary judgment as to Count I, as it hinges on the genuinely disputed assertion that the bus was full when it passed Brooks.

Transit Connection operates Vineyard Transit Authority's bus, which falls within the scope of "public accommodation" as

it is "open to and accepts . . . the patronage of the general public" and is "a carrier, conveyance or elevator for the transportation of persons."[1]  M.G.L. c. 272, § 92A; Vineyard Transit Auth. SOF ¶¶ 14, 15.  Transit Connection maintains that it did not "make[] any distinction, discrimination or restriction on account of race" in violation of section 98 when Brooks was not permitted to ride the bus.[2]  Transit Connection's Mem. 5.  According to Defendants, the video recording of the bus interior confirms it was at capacity, which explains why Taylor did not allow another passenger to board earlier on the route.  Id.; Vineyard Transit Authority's Mem. 19.

In support of his discrimination claim, Brooks points to Taylor's statement (recorded on video) to Brooks that Taylor did

---

[1] Section 92A provides in part: "A place of public accommodation . . . shall be deemed to include any place . . . which is open to and accepts or solicits the patronage of the general public . . ." and lists "a carrier, conveyance or elevator for the transportation of persons" as examples.  M.G.L. c. 272, § 92A.

[2] Section 98 provides in part:

Whoever makes any distinction, discrimination or restriction on account of race [or] color . . . relative to the admission of any person to . . . any place of public accommodation . . . shall be liable to any person aggrieved thereby for such damages as are enumerated in section five of chapter one hundred and fifty-one . . . .  This right is recognized and declared to be a civil right.

M.G.L. c. 272, § 98.

not stop "because you're Black." Compl. ¶ 14 (emphasis
deleted). Brooks further asserts that because Transit
Connection and Vineyard Transit Authority are Taylor's joint
employers, both are liable. Id. ¶ 20. Vineyard Transit
Authority disputes Taylor's joint employment. See Pl.'s Opp'n
Transit Connection 9; Pl.'s Opp'n Vineyard 11; Vineyard Transit
Authority's Mem. 4, 8, 11. As Transit Connection's motion for
summary judgment depends on the disputed issue of the bus's
capacity, Transit Connection's Mem. 2, 5-6, the Court denies its
motion for summary judgment as to Count I.

Vineyard Transit Authority takes another tack, arguing that
section 98's operative term "[w]hoever" does not encompass
governmental entities. Vineyard Transit Authority's Mem. 16
(citing Woods Hole, Martha's Vineyard & Nantucket S.S. Authority
v. Town of Falmouth, 74 Mass. App. Ct. 444, 447, 907 N.E.2d 1124
(2009)). Chapter 4, section 7, of the Massachusetts General
Laws provides that "[i]n construing statutes the following words
shall have the meanings herein given, unless a contrary
intention clearly appears: . . . 'Person' or 'whoever' shall
include corporations, societies, associations and partnerships."
M.G.L. c. 4, § 7. "As has been many times observed, this
definition does not encompass 'governmental agencies,
municipalities, or municipal corporations.'" Woods Hole, 74
Mass. App. Ct. at 446 (quoting Commonwealth v. Voight, 28 Mass.

App. Ct. 769, 771, 556 N.E.2d 115 (1990)).   Vineyard Transit
Authority is a governmental entity ("municipal entity") via its
enabling legislation.   M.G.L. c. 161B, § 3; Vineyard Transit
Authority's Mem. 16.   Therefore, it contends that it is not
bound by the anti-discrimination protections of section 98.   Id.

This Court disagrees with the notion that section 98 does
not apply to governmental entities.   While it may be the
"general rule" that the statutory term "whoever" does not
include a governmental agency or municipality, Town of Boxford
v. Massachusetts Highway Dep't, 458 Mass. 596, 605, 940 N.E.2d
404 (2010), several reasons persuade the Court that section 98
is an exception.

First, the Supreme Judicial Court has instructed that
section 98, "because the statute is an antidiscrimination
statute," be given "'a broad, inclusive interpretation' to
achieve its remedial goal of eliminating and preventing
discrimination."   Currier v. National Bd. of Med. Exam'rs, 462
Mass. 1, 18, 965 N.E.2d 829 (2012) (quoting Local Fin. Co. v.
Massachusetts Comm'n Against Discrimination, 355 Mass. 10, 14,
242 N.E.2d 536 (1968)).   Letting governmental agencies off the
hook for their agents' discriminatory actions is inconsistent
with a liberal construction of the statute designed to
"eliminat[e]" discrimination.

Second, the Massachusetts Commission Against Discrimination (the "Commission"), which is charged with enforcing the statute, M.G.L. c. 151B, § 5, has routinely applied section 98 to governmental entities.  See, e.g., Glasman v. Massachusetts DOT, No. 07-BPA-03389, 2018 WL 1201338 (MCAD Feb. 12, 2018); Ramesh v. City of Springfield, No. 07-SPA-00587, 2016 WL 850911, 38 M.D.L.R. 20 (MCAD Feb. 18, 2016); Bachner v. Massachusetts Bay Transp. Auth., No. 91-BPA-0050, 2000 WL 33665366, 22 M.D.L.R. 183 (MCAD July 10, 2000).  The Supreme Judicial Court has explained that the Commission's construction warrants "substantial deference" because the Massachusetts "Legislature essentially delegated to the commission the authority in the first instance to interpret [section 98] and determine its scope."  Currier, 462 Mass. at 18; see also City of Bangor v. Citizens Commc'ns Co., 532 F.3d 70, 94 (1st Cir. 2008) ("Federal courts generally defer to a state agency's interpretation of those statutes it is charged with enforcing . . . .").  Moreover, at least one decision of the Massachusetts Appeals Court, though unpublished and without analysis, held that section 98 applied to the Massachusetts Bay Transportation Authority on alleged facts reminiscent of those now before this Court.  See Warren v. Massachusetts Bay Trans. Auth., 93 Mass. App. Ct. 1110, 103 N.E.3d 1238 (2018)  ("The driver's statement ('black crackhead bitch') . . . sufficiently supports the

plaintiff's discrimination complaint [under section 98].""); see also Quarterman v. City of Springfield, 716 F. Supp. 2d 67, 78 (D. Mass. 2009) (Ponsor, J.) (rejecting argument that a city was immune from section 98 claim).

Third, section 98 refers to another anti-discrimination statute, chapter 151B, section 5, which in turn refers back to section 98.[3]  This intertextual link amounts to, in the words of the Supreme Judicial Court, "the integration of [sections 92A and 98] into [chapter] 151B."  Currier, 462 Mass. at 18.  If section 98 is effectively integrated into chapter 151B, then the operative definition of "person" is found in section 1(1) of that chapter, which expressly includes "the commonwealth and all political subdivisions."[4]  Because the Vineyard Transit Authority is a "political subdivision of the commonwealth," Massachusetts

---

[3] Chapter 272, section 98 of the Massachusetts general laws defines the violator's liability as "such damages as are enumerated in section five of chapter one hundred and fifty-one B."  M.G.L. c. 272, §; id. c. 151B, § 5 (granting the Commission the authority to enforce violations of "sections ninety-two A, ninety-eight and ninety-eight A of chapter two hundred and seventy-two").

[4] It is true that chapter 151B, section 1(1) is defining "person" rather than "whoever," but chapter 4, section 7, Twenty-third makes clear that these terms are analogous.  M.G.L. c. 151B, § 1(1); M.G.L. c. 4, § 7.  Moreover, chapter 151B, section 5 grants the Commission the authority to enforce violations of section 98 against "any person."  M.G.L. c. 151B, § 5.  Thus, the Court treats the definition of person in chapter 151B as operative in section 98.

General Laws chapter 161B, section 3, it is within the reach of section 98.

Fourth, and finally, the Court observes that section 98, as amended by St. 1950, chapter 479, section 3, concludes with an important sentence: "This right is recognized and declared to be a civil right." M.G.L. c. 272, § 98.  It is preposterous to construe this "civil right" as enforceable against everyone but the government itself.  Civil rights are, in large part, a bulwark against government power.  True, section 98 undoubtedly applies to <u>agents</u> of the government; the question here is whether the government itself is vicariously liable. Nonetheless, if the Commonwealth is serious in declaring equal access to public accommodations "a civil right" -- and the Court must take the Legislature's declaration seriously -- it would be incongruous to categorically excuse governmental entities from the scope of liability for violations of this civil right.

Vineyard Transit Authority next argues that section 98 does not contemplate vicarious liability.  Vineyard Transit Authority's Mem. 17.  It argues that "[t]he doctrine of <u>respondeat superior</u> is a common law tort concept and does not apply in the context of the Massachusetts Public Accommodation Act which is a creature of statute because the statutory language does not expressly provide for vicarious liability." <u>Id.</u>  In support of this proposition, Vineyard Transit Authority

cites Cox v. Boston Red Sox Baseball Club Ltd. P'ship, No.
SUCV2016-01046, 2018 WL 8452510, at *5 (Mass. Super. Ct. Apr.
10, 2018) (Fahey, J.), which in turn cites Jones v. City of
Boston, 738 F. Supp. 604, 606 (D. Mass. 1990) (McNaught, J.)
(holding, in the context of a civil suit alleging discrimination
at a hotel bar, that section 98 is "a criminal statute which
enforces civil rights laws" and therefore the employer was "not
liable for a criminal act of its employee").

The Court rejects the argument that section 98 does not
embrace vicarious liability.  Once again, the Commission has
repeatedly enforced section 98 on a vicarious liability theory.
See, e.g., Sahir v. 2 Belsub Corp., No. 15 BPA 01141, 2018 WL
4002079, at *9 (MCAD Aug. 8, 2018) ("Rather than apply
principles of vicarious liability in such a narrow fashion, the
public accommodations law is to be given a broad and inclusive
interpretation in order to fulfill the policy of preventing
discrimination in the public sphere."); Apache v. City of
Springfield Police Dep't, No. 08-SPA-02127, 2012 WL 1153738, at
*3, 34 M.D.L.R. 59 (MCAD Apr. 3, 2012); Bachner, 2000 WL
33665366, at *4.  This Court ought defer to the Commission's
construction of the statute that it enforces.

Moreover, the Court cannot agree that the public
accommodation law is divorced from tort principles.  In fact, an
earlier version of section 98 expressly described the civil

action for such violations as "an action of tort."  St. 1895, c.
461, § 1.[5]  Even after this language was dropped in the
codification process that resulted in a changed statute, the
Supreme Judicial Court maintained that the statute still
provided a "remedy in tort" and the offender as a "tort-feasor."
Bryant v. Rich's Grill, 216 Mass. 344, 348-49, 103 N.E. 925
(1914).[6]  Although the statute has been amended many times since
that decision, this Court sees no amendment that materially
alters the statute from the version before the Supreme Judicial

---

[5] That section read, in part:

> Whoever makes any distinction, discrimination or
> restriction on account of color or race . . . in
> respect to the admission of any person to or his
> treatment in any . . . public conveyance . . . or
> other public place kept for hire, gain or reward . . .
> shall, for each and every offence, forfeit and pay to
> the person aggrieved thereby a sum not less than
> twenty-five dollars nor more than three hundred
> dollars, to be recovered in an action of tort in any
> court of competent jurisdiction in the county where
> the said offence shall have been committed, and shall
> also be deemed guilty of a misdemeanor . . . .

St. 1895, c. 461, § 1.

[6] The version of the statute before the Supreme Judicial
Court in Bryant was codified at Massachusetts Rev. Laws 1902,
chapter 212, section 89.  As the Supreme Judicial Court
explained, the differences between that codified version and the
1895 statute were merely stylistic: "R. L. c. 212, § 89, while
codifying this statute, transposed the civil and penal clauses,
and omits all reference to the remedy. —The transposition,
however, does not change the legislative intention, and the
remedy in tort may be pursued in any court having jurisdiction."
Bryant, 216 Mass. at 348.

Court in <u>Bryant</u> with respect to the application of tort law principles.   Accordingly, the Court rules that section 98 embraces vicarious liability.

Because the remainder of Vineyard Transit Authority's argument regarding section 98 turns on the disputed fact whether the bus was full, the Court DENIES its motion for summary judgment as to Count I.

### B.   Massachusetts Equal Rights Act (Count II)

In Count II, Brooks claims that Defendants violated the Massachusetts Equal Rights Act (the "Equal Rights Act") when they allegedly did not allow Brooks to board the bus on account of his race.[7]  Compl. ¶ 34.   Although Brooks maintains that Defendants refused to allow him on the bus because of his race, <u>id.</u>, Transit Connection argues that Taylor could not have safely allowed Brooks to board the bus at full capacity.   Transit Connection's Mem. 6; Transit Connection's SOF ¶¶ 4-5.   Whether the bus was at capacity remains a genuinely disputed material fact; therefore, this Court DENIES Transit Connection's motion for summary judgment as to count II.

---

[7] Specifically, Brooks alleges Defendants "interfered with Mr. Brooks' rights to make and enforce contracts under M.G.L. c. 93, § 102 when they refused to allow Mr. Brooks to board the [Vineyard Transit Authority] bus because of his race."   Compl. ¶ 34.

The Vineyard Transit Authority asserts that the Equal
Rights Act does not apply to municipal entities, as the statute
does not expressly include municipal liability.[8]  Vineyard
Transit Authority's Mem. 13.  Vineyard Transit Authority further
argues that even if it were Taylor's de facto employer, the
Equal Rights Act does not allow for vicarious liability.  Id.
To assess this line of reasoning, the Equal Rights Act must be
compared with the Massachusetts Civil Rights Act and analogous
federal statutes.

The Equal Rights Act is analogous to 42 U.S.C. §§ 1981 and
1982, though with more expansive protections.  Thurdin v. SEI
Bos., LLC., 452 Mass. 436, 440, 895 N.E.2d 446 (2008).  The
state-law analogue to section 1983 is the Massachusetts Civil
Rights Act ("MCRA").  Nolan v. CN8, 656 F.3d 71, 76 (1st Cir.
2011) (citing M.G.L. c. 12, § 11H).  Despite the availability of
municipal liability under section 1983, see Monell v. Department
of Soc. Servs. of the City of New York, 436 U.S. 658, 690
(1978), Massachusetts courts have read the Massachusetts Civil
Rights Act's language covering "any person or persons" to
exclude governmental entities.  Howcroft v. City of Peabody, 51

---

[8] Although the Supreme Judicial Court has held that "[t]he
statute prohibits private acts of discrimination," Currier, 462
Mass. at 14, there is no caselaw or language within the statute
to suggest that it does not apply also to public acts of
discrimination.

Mass. App. Ct. 573, 591-93, 747 N.E.2d 729 (2001).  No such

limiting language appears in the Equal Rights Act, however, and

thus the Court declines to exempt governments from the statute's

scope of liability.[9]

It is true that the Equal Rights Act's federal-law

analogue, section 1981, has been construed to exclude municipal

liability.  See Buntin v. City of Boston, 857 F.3d 69, 72-75

(1st Cir. 2017) (citing Jett v. Dallas Indep. Sch. Dist., 491

U.S. 701, 731-33 (1989)).  That, however, is simply because

section 1981 lacks an express cause of action and the Supreme

Court refused to read an implied cause of action into the

statute, holding instead that section 1981 claims against state

actors must be brought via section 1983.  Id.  This reasoning

---

[9] The Equal Rights Act's cause-of-action provision provides that the "civil action shall be instituted either in the superior court for the county in which the conduct complained of occurred, or in the superior court for the county in which the person whose conduct complained of resides or has his principal place of business." M.G.L. c. 93, § 102(b) (emphasis added). One might argue that, by referring to the defendant as a "person," the Equal Rights Act excludes governmental entities from liability in the same way that a government is not a "person" within the meaning of the Massachusetts Civil Rights Act. See Howcroft, 51 Mass. App. Ct. at 591-93. The Court is not persuaded by this argument, since the quoted sentence discusses only the location of the civil action, not its scope or parameters. It is a stretch to craft a broad governmental exception from the use of the term "person" in this context. Cf. Johnson, infra, at 18 ("The use of 'person' in reference to potential defendants was purposeful and intended to include individuals, corporate and other business entities, unions, governments, etc.") (emphasis added).

has no bearing upon the Equal Rights Act, which provides an express cause of action.  M.G.L. c. 93, § 102(b).  Accordingly, the Court rules that the Equal Rights Act applies to governmental entities.  Cf. John F. Adkins et al., 45 Mass. Prac., Employment Law § 12:3, at 837 n.5 (3d ed. 2016) ("[the Equal Rights Act] is probably also applicable to municipalities, although this issue has not yet been ruled upon.").

As to the issue of respondeat superior, the First Circuit's stance that the doctrine applies to section 1981 is instructive. See Springer v. Seaman, 821 F.2d 871, 881 (1st Cir. 1987), abrogated on different grounds by Jett, 491 U.S. 701; Cerqueira v. American Airlines, Inc., 520 F.3d 1, 19 (1st Cir. 2008) (declining to address "the scope of any respondeat superior liability in § 1981 claims generally"); Jones v. Boston, 738 F. Supp. 604, 606 (D. Mass. 1990); Goodwin v. Fast Food Enterprises No. 3, LLP, C.A. No. 10-23 Erie, 2012 WL 1739830, at *3 (W.D. Pa. May 16, 2012) (collecting cases that apply respondeat superior to section 1981 claims).  Given that the Equal Rights Act was enacted to provide more robust anti-discrimination protections than section 1981, see generally Stephen P. Johnson, The 1989 Massachusetts "Equal Rights Law": A Short History, 34 Boston B.J., March/April 1990, at 17, the Court sees no reason why the Equal Rights Act would not likewise embrace respondeat superior liability.  The Court therefore rejects the argument

that the Equal Rights Act does not recognize vicarious liability. Since it is genuinely disputed whether Taylor was employed by Vineyard Transit Authority, the Court DENIES Vineyard Transit Authority's motion for summary judgment as to Count II.

## C.   Section 1981 (Count III)

In Count III, Brooks alleges "Defendants interfered with [his] right to make and enforce contracts under 42 U.S.C. § 1981 when they refused to allow [him] to board the [Vineyard Transit Authority] bus because of his race." [10] Compl. ¶ 39. After careful consideration of the parties' arguments, this Court DENIES Transit Connection's motion for summary judgment because it depends on genuinely disputed issues of material fact. This Court GRANTS Vineyard Transit Authority's motion for summary judgment because under binding precedent 42 U.S.C. § 1981 does not provide a cause of action against state actors.

Brooks must establish three elements to state a prima facie claim under 42 U.S.C. § 1981: "(1) that he is a member of a racial minority, (2) that the defendant discriminated against him on the basis of race, and (3) that the discrimination

---

[10] Section 1981 provides, in part, that "all persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts . . . and to the full and equal benefit of all laws and proceedings . . . as is enjoyed by white citizens . . . ." 42 U.S.C. § 1981(a).

implicated one or more of the activities enumerated in the statute." Garrett v. Tandy Corp., 295 F.3d 94, 98 (1st Cir. 2002). Here, (1) Brooks, as a racial minority, is a member of a protected class; (2) when asked why he was denied access to the bus, Taylor ultimately said (as captured on video) "[w]ell, it's because you're black"; (3) which implicates Brooks' statutory rights "to make and enforce contracts" and "to the full and equal benefit of all laws," 42 U.S.C. § 1981(a).

Transit Connection maintains that the bus was "indisputably full" and this assertion disposes of Count III. Transit Connection's Mem. 2. This fact, however, is genuinely disputed because Brooks denies that the bus was full. Compl. ¶¶ 10, 13–14. Thus, the Court DENIES Transit Connection's motion for summary judgment as to Count III.

Vineyard Transit Authority correctly asserts it is immune from municipal liability under 42 U.S.C. § 1981. In Jett v. Dallas Independent School District, the Supreme Court held that section 1981 does not provide an implied private cause of action for damages against state actors. 491 U.S. at 733. The First Circuit recently held that Jett remains good law even after section 1981 was amended. Buntin, 857 F.3d at 74. As such, "the express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units." Jett,

491 U.S. at 733 (emphasis added).  The viability of Brooks' claim against Vineyard Transit Authority under section 1981 thus depends on whether it is a private or state actor.[11]

Vineyard Transit Authority's legislative mandate provides that

> [A]ny city or town . . . may, upon compliance with this section . . . be made into a body politic and corporate and a political subdivision of the commonwealth under the name of the municipality within the new authority . . . and followed by the words 'Transit Authority.'

M.G.L. c. 161B, § 3.  As the statute states that Vineyard Transit Authority is a governmental actor, it follows that it cannot be sued under section 1981 alone.  Since Brooks did not raise a section 1983 claim, see Monell, 436 U.S. at 701, the Court GRANTS Vineyard Transit Authority's motion for summary judgment as to Count III.

### D.   Negligent Infliction of Emotional Distress (Count V)

In Count V, Brooks alleges he suffered severe emotional distress because Defendants breached their duty to provide transportation services free from discrimination.  Compl. ¶¶ 47-

---

[11] Brooks argues that Vineyard Transit Authority is not an arm of the state that enjoys Eleventh Amendment immunity.  Pl.'s Opp'n Vineyard 6, 8.  Vineyard Transit Authority did not raise this defense, however, and thus it will not be addressed.  See Wisconsin Dep't of Corr. v. Schacht, 524 U.S. 381, 389 (1998) ("Unless the State raises the matter [of Eleventh Amendment immunity], a court can ignore it.").  The question here is not whether the Eleventh Amendment shields Vineyard Transit Authority, but whether it is a state or private actor for purposes of section 1981.

49.  Brooks has pled insufficient facts as matter of law to demonstrate objective evidence of harm for a claim of negligent infliction of emotional distress.  Therefore, this Court GRANTS both Transit Connection's and Vineyard Transit Authority's motions for summary judgment as to Count V.[12]

Brooks must establish five elements to recover for negligently inflicted emotional distress: (1) negligence; (2) emotional distress; (3) causation; (4) physical harm manifested by object symptomatology, i.e., objective corroboration of the emotional distress alleged; and (5) that a reasonable person would have suffered emotional distress under the circumstances of the case.  Rodriguez v. Cambridge Hous. Auth., 443 Mass. 697, 701, 823 N.E.2d 1249, 1253 (2005).

Both Transit Connection and Vineyard Transit Authority emphasize that a claim of negligent infliction of emotional distress requires "objective evidence of . . . emotional distress, as manifested by physical symptoms."  Transit Connection's Mem. 2, 8; Vineyard Transit Authority's Mem. 6; See Rodriguez, 443 Mass. at 703.  Brooks has not pled adequate symptomology to demonstrate his response was greater than "mere upset, dismay, humiliation, grief and anger."  Id. at 702

---

[12] Count IV (intentional infliction of emotional distress) is alleged solely against Taylor, Compl. ¶¶ 42-45, who has not moved for summary judgment.

(quoting <u>Sullivan</u> v. <u>Boston Gas Co.</u>, 414 Mass. 129, 137, 605
N.E.2d 805 (1993)).

Brooks argues he "felt utter shock and disbelief" when the
bus passed him and was "overwhelmed by sadness and humiliation,"
and cried after speaking to Taylor.  Pl.'s Opp'n Transit
Connection 13; Pl.'s Opp'n Vineyard 17.  "Tears merely
demonstrate upset, anger, or grief, and these feelings alone do
not constitute sufficient physical manifestation." <u>Gutierrez</u> v.
<u>Massachusetts Bay Transp. Auth.</u>, 437 Mass. 396, 413, 772 N.E.2d
552 (2002).  Additionally, Brooks alleges he "has suffered from
a loss of sleep due to the incident" and "replayed this incident
in his mind over and over again" which has "exacerbated . . .
preexisting emotional distress caused by [previous]
discrimination."  Compl. ¶ 18-19.  The only alleged physical
symptom here is loss of sleep.  Although "sleeplessness" may be
one of several objective manifestations of emotional distress,
<u>Rodriguez</u>, 443 Mass. at 702, loss of sleep on its own is
insufficient to support a claim of negligent infliction of
emotional distress (except, perhaps, in extreme cases of
debilitating insomnia, which Brooks did not plead here).

**E.   Chapter 93A (Count VI)**

In Count VI, Brooks alleges that Transit Connection and
Vineyard Transit Authority violated the Massachusetts Consumer

Protection Act ("chapter 93A").[13]   Compl. ¶¶ 50-55.   Brooks
asserts both entities "were engaged in trade or commerce" and
their alleged refusal to allow him on the bus because of his
race amounts to "unfair and deceptive practices."   Id. ¶¶ 51-52.
Brooks argues that by denying him access to the bus, both
entities "committed actions that were oppressive, unethical,
and/or unscrupulous under 940 CMR 3.16."   Id. ¶ 53.   As Transit
Connection's motion for summary judgment relies on genuinely
disputed facts, this Court DENIES its motion for summary
judgment on count VI.   As Vineyard Transit Authority was not
engaged in trade or commerce, this Court GRANTS its motion for
summary judgment on count VI.

Brooks asserts that Transit Connection's actions were
"unfair and deceptive" because he was denied access due to his
race.   Pl.'s Opp'n Transit Connection 17.   Within the meaning of
chapter 93A, "[c]onduct is unfair or deceptive if it is 'within
at least the penumbra of some common-law, statutory, or other
established concept of unfairness' or 'immoral, unethical,
oppressive, or unscrupulous."   Cummings v. HPG Int'l, Inc., 244
F.3d 16, 25 (1st Cir. 2001) (quoting PMP Assoc., Inc. v. Globe
Newspaper Co., 366 Mass. 593, 596, 321 N.E.2d 915, 917 (1975)).

---

[13] Chapter 93A provides that "[u]nfair methods of
competition and unfair or deceptive acts or practices in the
conduct of any trade or commerce are hereby declared unlawful."
M.G.L. c. 93A, § 2(a).

"[R]acial harassment in the course of doing business is conduct fairly described as immoral, unethical, or oppressive for the purposes of [chapter] 93A." Ellis v. Safety Ins. Co., 41 Mass. App. Ct. 630, 640, 672 N.E.2d 979, 986 (1996). Brooks alleges that Transit Connection was in the course of conducting business on its bus route when he suffered racial discrimination from Taylor. Compl. ¶¶ 51-54. As the questions whether the bus did not stop for Brooks because of his race and what loss, if any, Brooks suffered as a result are genuinely disputed, this Court DENIES Transit Connection's motion for summary judgment as to Count VI.

As a governmental entity, Vineyard Transit Authority is not expressly made subject to suit under chapter 93A. Even if Vineyard Transit Authority is a "person" for purposes of chapter 93A, contra Archambeault v. Worcester Reg'l Transit Auth., No. 03002417B, 2007 WL 1630936, at *5-6 (Mass. Super. Ct. May 30, 2007) (Murphy, J.), the statute's protections reach only those entities engaged in trade or commerce. Chapter 93A liability does not apply to municipal entities that are acting in accordance with their legislative mandate. Peabody N.E., Inc. v. Town of Marshfield, 426 Mass. 436, 440, 689 N.E.2d 774 (1998). "A municipality is subject to liability under 93A where it is 'acting in a business context', which is determined by consideration of 'the nature of the transaction, the character

of the parties involved and [their] activities . . . and whether the transaction was motivated by business reasons.'" City of Revere v. Boston/Logan Airport Assocs., LLC., 443 F. Supp. 2d 121, 128 (D. Mass. 2006) (Gorton, J.) (alteration and omission in original) (quoting Park Drive Towing, Inc. v. City of Revere, 442 Mass. 80, 86, 809 N.E.2d 1045 (2004)). "A party is not engaging in 'trade or commerce' as defined by [chapter] 93A when its actions are motivated by legislative mandate." Max-Planck-Gesellschaft Zur Foerderung Der Wissenschaften E.V. v. Whitehead Inst. for Biomedical Research, 850 F. Supp. 2d 317, 328 (D. Mass. 2011) (Saris, J.) (citing Park Drive Towing, Inc., 442 Mass. at 86). Here, Vineyard Transit Authority plainly operates its buses as a public service pursuant to legislative mandate, not for business reasons. Accordingly, Brooks' claim against it under chapter 93A cannot stand.

## III. Conclusion

For the reasons given above, the Court concludes that governmental entities such as the Martha's Vineyard Transit Authority are not outside the reach of the Commonwealth's anti-discrimination laws. The Court therefore DENIES Vineyard Transit Authority's motion for summary judgment as to Counts I and II, but GRANTS the motion as to Counts III, V, and VI. The Court further DENIES Transit Connection's motion for summary judgment as to Counts I, II, III and VI because material facts

are in dispute, yet GRANTS the motion as to Count V because Brooks' alleged symptoms are insufficient as matter of law to establish a claim for negligent infliction of emotional distress.

**SO ORDERED.**

_William G. Young_
WILLIAM G. YOUNG
DISTRICT JUDGE