UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 1:19-cv-11119-WGY

| | |
|---|---|
| KEVIN BROOKS, <br> Plaintiff | ) <br> ) <br> ) |
| v. | ) <br> ) |
| MARTHA'S VINEYARD TRANSIT AUTHORITY, <br> TRANSIT CONNECTION, INC., JAMES TAYLOR, <br> Defendants | ) <br> ) <br> ) <br> ) |

### DEFENDANTS' JOINT EMERGENCY MOTION[1] FOR PROTECTIVE ORDER RELATIVE TO LOCATION OF DEPOSITIONS

NOW COME the Defendants, Martha's Vineyard Transit Authority, Transit Connection, Inc. and James Taylor pursuant to L.R. 30.1 and Fed. R. Civ. P. 26 ( c) and move this Honorable Court for a protective order requiring Defendants' depositions noticed for January 13, 2020; January 15, 2020 and January 17, 2020 to occur at any location in Dukes County, Barnstable County[2] or in the Town of Plymouth, Massachusetts.[3] Alternatively, Defendants request that Defendants' depositions occur remotely (i.e. telephonically or by live audio visual means) pursuant to Fed. R. Civ. P. Rule 30 (4).[4] As reason for requesting this relief, Defendants all live and work on the island of Martha's Vineyard, Dukes County, Massachusetts. There is undue

---

[1] The motion is filed on an emergency basis in an effort to have the issue resolved prior to the first deposition at issue which is scheduled for January 13, 2020. These depositions were noticed by Plaintiff on December 30, 2019. See Exhibits 2, 3 and 4 (deposition notices).

[2] The law office of Gargiulo / Rudnick, LLP in Mashpee, Barnstable County, Massachusetts has been offered to Plaintiff's counsel as a location to take the depositions if they wish. This location is agreeable to all Defendants and all Defense counsel.

[3] Counsel for Vineyard Transit authority has offered her firm's office and conferences rooms at Gargiulo / Rudnick, LLP, Mashpee, MA as a compromise location to Plaintiff's counsel for their use, if they so desire, a location which is agreeable to all defendant witnesses and to all defense counsel.

burden and expense in requiring Defendants' to travel approximately 100 miles (each way) via ferry or airplane from the island to the mainland, followed by ground transportation to Cambridge, Massachusetts. This case is on the court's running trial list for January, 2020. Plaintiff's counsel's objection to a compromise location in Barnstable County or in the Town of Plymouth, as defense counsel understands it, is that the commute would be time-consuming and inconvenient for Plaintiff's counsel. To the extent Plaintiff's counsel believes they would suffer prejudice or expense by travelling to a compromise deposition location closer to Defendants, any claimed expense or prejudice would be eliminated by taking the depositions via remote means (i.e. telephonically or by live audio-visual feed) so that Plaintiff's counsel experiences no travel burden associated with appearing at a compromise location.

**Facts**

Plaintiff's claims arise out of an incident in Edgartown, Massachusetts on July 11, 2018 when Plaintiff alleges he was denied the opportunity to board a public transportation bus because he is black. Plaintiff alleges violations of 18 U.S.C. §1981; violations of the Massachusetts Equal Rights Act at c. 93 §103; violations of the Massachusetts Public Accommodations Act, 272, §92A and §98, as well as claims for violations of the state consumer protection act at M.G.L.c 93A, and claims for intentional infliction of emotional distress and negligent infliction of emotional distress. [5]

At a final pre-trial conference on 11/25/2019, counsel discussed with the court the fact that there was a pending motion to seeking leave to conduct discovery and extend the discovery deadline which has not been acted upon. Although the case was on the December running trial list, the parties were proceeding to trial without the benefit of any depositions or other discovery because of the pendency of an automatic stay of discovery due to a motion under M.G.L.c. 231 §59H.[6] The court directed the parties to conduct limited discovery by agreement and, in the absence of agreement, to notify the court so that the pending discovery motion could be formally acted upon.

---

[5] Summary judgment entered on today's date for VTA on Counts III (42 U.S.C. §1981) and VI (93A). Summary judgment entered on Count V as to all Defendants (negligent infliction of emotional distress).

[6] The court declined to grant the parties any discovery in connection with a motion to conduct limited discovery notwithstanding the automatic stay.

The parties promptly agreed to the depositions of all parties, but did not agree on location for the depositions or specific dates as Plaintiff's counsel was scheduled to commence a trial on 12/2/2019 in Pitt v. Veracity Construction, Group, Inc., Robert Cimon and Christopher Murray, Middlesex Superior Court, C.A. No.: 1482 CV 00361.[7]

Edgartown, Dukes County, Massachusetts is approximately 94 miles away from Plaintiff counsel's office in Cambridge, Massachusetts.  **See Exhibit 1** (MapQuest mileage print out with map).

Plaintiff Kevin Brooks' deposition is noticed for January 10, 2020.  That deposition is scheduled to occur at the law firm of Gargiulo / Rudnick, LLP, Mashpee, Barnstable County, Massachusetts which is geographically convenient for Mr. Brooks who works on Martha's Vineyard and lives in New Bedford, Massachusetts.  Should Mr. Brooks wish his deposition to occur in Cambridge, Massachusetts, the defendants would gladly accommodate, but no such request has been made.

The 30(b)(6) deposition of TCI, Inc. is noticed for January 13, 2020.  **See Exhibit 2.**  The 30(b)(6) deposition of MVTA is noticed for January 15, 2020.  **See Exhibit 3.**  Defendant James Taylor's deposition is noticed for January 17, 2020 2020.  **See Exhibit 4.**  All three of these depositions have been noticed by Plaintiff's counsel to occur in Cambridge, Massachusetts.  The Defendants are in agreement with these deposition dates and times, but have been unable to agree to the locus of the three (3) defendant's depositions.

Plaintiff's counsel has stated that if defendants do not agree to take the depositions in Cambridge, MA, that Plaintiff intends to take two of the depositions *simultaneously* on 1/15/2020 and will appear at Gargiulo / Rudnick, LLP, Mashpee, MA to do so.  **See Exhibit 5.**  (Miscellaneous emails from Plaintiff's counsel Eric LeBlanc).  Defendants' counsel object to defendants' depositions occurring simultaneously because defense counsel cannot be present at more than one deposition occurring at a time; defendants would be deprived of counsel in one of the depositions if two proceeded simultaneously (or at least would deprived of counsel of their choice if able to obtain coverage for the second deposition); and parties would be prevented from attending the depositions of other parties to the case if they so elected if simultaneous depositions were to occur.

---

[7] The delay in scheduling depositions from after the 11/25/2019 pre-trial conference to present was due to factors including Plaintiff counsel's trial scheduled in Pitt v. Veracity Construction, Group, Inc., Robert Cimon and Christopher Murray, Middlesex Superior Court, C.A. No.: 1482 CV 00361 which was scheduled for trial on 12/2/2019 and was anticipated to last three (3) weeks.  The Pitt v. Veracity trial was re-scheduled and tried to verdict from 12/10/2019-12/20/2019.  Plaintiff counsel's Pitt v. Veracity trial was the basis of a motion to continue the trial date in this case from the December running trial list to the January running trial list which continuance was allowed by this court.   The Thanksgiving, Christmas, Hannukah and New Years holidays and associated vacations complicated deposition scheduling.  Plaintiff's counsel had also indicated his unavailability due to a trial in this court before Judge Patti Saris scheduled to commence 1/13/2020 and to last two weeks (which trial was reported on December 27, 2019 to Defendants as having settled).

**Argument**

**There is Good Cause under Fed. R. Civ. P. 26 ( c)  to grant a Protective Order to Prevent Undue Burden and Expense on the Defendants**

There is good cause to grant a protective order to Defendants under Fed. R. Civ. P. 26 ( c) to avoid undue burden and expense of causing Defendants, who live and work on the island of Martha's Vineyard to travel to Cambridge, Massachusetts for depositions.  Under the local rules of court, Cambridge is not considered to be a convenient location for depositions of persons who live and work on Martha's Vineyard, Dukes County.  L.R. 30.1.[8]

Local Rule 30.1 provides in pertinent part:

"**PLACE FOR TAKING DEPOSITIONS**

For purposes of Rule 45(d)(2), Federal Rules of Civil Procedure, without further order of the court,

>  (a) Boston shall be deemed a convenient place for taking of a deposition of any person who resides, is employed, or transacts business in person in any of the following counties: Suffolk, Bristol, Essex, Middlesex, Norfolk, Plymouth and Worcester.
>
>  (b) Springfield shall be deemed a convenient place for taking of a deposition of any person who resides, is employed, or transacts business in person in any of the following counties: Berkshire, Franklin, Hampden and Hampshire."

L.R. 30.1.

---

[8] In addition to the protections available under Fed. R. Civ. P. 26 against causing parties undue burden or expense, Fed. R. Civ. P. 45 (d) provides similar protections for those Subject to a Subpoena.  Specifically, the rule provides: " (1) *Avoiding Undue Burden or Expense; Sanctions*. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply." Fed. R. Civ. P. 45 (d) (1).

Counties which comprise Cape Cod and the islands are noticeably absent from the "convenient place" list in L.R. 30.1 and, on that basis, the rule recognizes that Boston and /or Cambridge are presumptively not convenient locations for those who live and work in Dukes County, Nantucket County and/or Barnstable County. It is well established that this court has broad discretion to grant a protective order designating an alternate locus for a deposition when justice so requires. Public Works Supply Co. v. Soleno, Inc., 2008 WL 11389371 (D. Mass. 2008) (U.S. M.J. Bowler). Courts in ruling on requests for alternate deposition locations consider each application on the merits based on its own facts and equities. Id. In the case at bar, defense counsel has identified no case addressing the question of whether defendants who live and work on Martha's Vineyard should be compelled to travel from their island location to greater Boston, incurring the costs and difficulties attendant to passage from the island to the mainland and from the mainland to Greater Boston travelling up the Route 3 corridor in the height of commuter traffic (and then reversing that process at the conclusion of the deposition). While the mileage at issue is approximately 94 miles, the costs and issues that are in play are distinct and unique.

Because the depositions at issue are of parties to the case and are not of non-party witnesses, Rule 45 governing the issuance of subpoenas for non-party witnesses is not applicable to the Defendants. Littman v. Walgreen Eastern Co., Inc., 1998 WL 812399 (U.S.D.Ct. 1998) (Neiman, USMJ)(discussing distinction between rule 45 subpoena and rule 26 protective order for parties). Nonetheless, the provisions of Fed. R. Civ. P. 45 governing subpoenas are instructive to the issues as hand. Fed. R. Civ. P. 45 (c) governs the Place of Compliance of a subpoena including a deposition subpoena. The rule provides, in pertinent part:

> **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person ( i)is a party or a party's officer; . . .

Fed. R. Civ. P. 45 (c ) (1).   Under Fed. R. Civ. P 45 (3) (A) a court is required to quash or modify a subpoena when "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: . . . **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c); . . . or **(iv)** subjects a person to undue burden. Fed. R. Civ. P. 45 (3) (A) (ii) (iv).  Comm-Tract Corp. v. Northern Telecom, 168 F.R.D. 4 (D. Mass. 1996)(Collings, U.S.M.J. quashing subpoena).

In the case at bar, the parties are on the cusp of the 100 mile radius of Rule 45 Fed. R. Civ. P. and are handicapped by the unique factors associated with the geography of the island and associated transportation challenges and costs.  With regard to the class of persons under 45 ( c) (1) (B), none of those deponents fall into that class.  Most notably, James Taylor is a former employee of TCI who, on information and belief, is not employed.  With regard to Martha's Vineyard Transit Authority, the 30(b) (6) witness will be Angela Grant, MVTA Administrator. On information and belief, the TCI 30(b)(6) witness will be a general manager.

To the extent that the Rule 45 subpoena analysis is applicable, or informative, it is noteworthy that "In general, the defendant in an action should be examined at his or her residence of place of business or employment." Fortune v. Bly, 118 F.R.D. 21 (D. Mass. 1987) (Alexander, U.S.M.J.) citing Pinkham v. Paul, 91 F. R.D. 613, 615 (D. Maine 1981); Horenstein v. Gulf Oil Co., 20 Fed R. Serv. 2d 1258, 1261 (D. Mass 1975); St. Hillaire & Associates v. FDIC, 1994 WL 575773 at 2 (D. N.H. 1994)(deposition of corporation should take place at principal place of business especially when the corporation is a defendant).  When a defendant

objects to the location of a deposition at a place other than its principal place of business, that objection should be sustained unless there are unusual circumstances which justify the inconvenience and cost. Zukert v. Berkliff, 96 F.R.D. 161, 162 (D. N. Ill. 1982); Chris-Craft Industries Products v. Kararay Co., 184 F.R.D. 605, 607 (N.D. Ill 1989) (defendant has good cause to request protective order when deposition noticed at location other than principal place of business). In the case at bar, the Plaintiff counsel's desire for their own convenience, although understandable, should not compel three witnesses to make a nearly 200 mile round trip to Cambridge, Massachusetts. Any offered "compromise" by Plaintiff's counsel, in each instance, would require Defendants to confront unreasonable geographic, time and expenses hurdles of travelling from Martha's Vineyard.

**Conclusion**

WHEREFORE, the Defendants jointly request that a protective order issue requiring the Defendants' depositions:

1) occur on the dates and times noticed by Plaintiff's counsel;
2) occur at any location of Plaintiff counsel's election in Dukes County, Barnstable County or in the Town of Plymouth; or
3) occur via alternate means such as via telephone if Plaintiff's so-elect and
4) prevent Plaintiff's counsel from taking multiple depositions simultaneously.

Respectfully submitted,

Defendant Martha's Vineyard transit Authority
By its attorneys

/s/ Marielise Kelly
_____

Marielise Kelly
B.B.O. #185720
mlk@grglaw.com
Elise Marshall
B.B.O. #665475
erm@grglaw.com
Gargiulo / Rudnick, LLP
766 Falmouth Road
Mashpee, ma 02649
508 477-6400 (tel)
(508) 477-0455 (fax)

Defendant Transit Connection, Inc.
By its attorneys

/s/ Paul G. Boylan
_____
Thomas K. McCraw, Jr., Esq.
Paul G. Boylan, Esq.
Freeman Mathis & Gary, LLP
60 State Street, 6th Fl.
Boston, MA 02109
617-963-5979
tmccraw@fmglaw.com
Paul G. Boylan, Esq.
pboylan@fmglaw.com

Defendant James Taylor,
By his attorneys

/s/ John J. Lang
_____

John J. Lang, Esq.
**Lang and Associates**
220 Broadway Suite 105
Lynnfield, Massachusetts 01940
Phone:  781-595-3500
Fax:  781-595-8585

### Certification Pursuant to LR 7.1 (A) (2) and LR 37.1 (B)

Counsel for Defendant Vineyard Transit Authority hereby certifies that she has conferred in good faith on dates including but not limited to January 2, 2020 with Plaintiff's counsel, Eric LeBlanc, and has made a reasonable and good-faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

/s/ *Marielise Kelly*

———————————————
Marielise Kelly, Esq.

## CERTIFICATE OF SERVICE

I hereby certify this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF and paper copes will be sent to those indicated as non-registered participants on January 2, 2020.

*/s/ Marielise Kelly, Esq.*
_____
Marielise Kelly, Esq.