# EXHIBIT 1





# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **KEVIN BROOKS,** ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | **Civil Action No. 1:19-cv-11119-WGY** |
| ) | |
| **MARTHA'S VINEYARD** ) | |
| **TRANSIT AUTHORITY,** ) | |
| **TRANSIT CONNECTION, INC.,** ) | |
| and **JAMES TAYLOR.** ) | |
| ) | |
| *Defendants.* ) | |

## DEPOSITION NOTICE OF TRANSIT CONNECTION, INC. PURSUANT TO F.R.C.P. 30(b)(6)

To:   Paul G. Boylan
       Thomas K. McCraw, Jr.
       Freeman Mathis & Gary, LLP
       60 State Street, 6th Floor
       Boston, MA 02109
       pboylan@fmglaw.com
       tmccraw@fmglaw.com

Defendant, Transit Connection, Inc., is hereby commanded in accordance with the provisions of Federal Rule of Civil Procedure 30(b)(6) to appear at the offices of Bennett & Belfort, P.C., 24 Thorndike Street, Suite 300, Cambridge, Massachusetts on **Monday, January 13, 2020, at 10:00am.**, at which time the Plaintiff in this action, Kevin Brooks, by and through his attorneys, Bennett & Belfort, P.C., shall take the deposition upon oral examination of Transit Connection, Inc., by a person or persons designated by Transit Connection, Inc., by a person or persons who consent(s) to testify on behalf of Transit Connection, Inc., before a Notary Public of the Commonwealth of Massachusetts, or before some other officer authorized by law to administer oaths.

1

## DEFINITIONS

In preparing Defendant for this deposition, the following definitions should control, in conjunction with those definitions outlined in the Federal Rules of Civil Procedure and Local Rules, unless indicated otherwise by the context:

"Plaintiff" and "Brooks" refer to the Plaintiff, Kevin Brooks, his agents, attorneys and all others acting on his behalf;

"TCI" refers to Defendant, Transit Connection, Inc., including its agents, employees, attorneys, investigators, insurance company and its agents and employees, and anyone else acting on the TCI's behalf;

"MVTA" refers to Defendant, Martha's Vineyard Transit Authority, including its agents, employees, attorneys, investigators, insurance company and its agents and employees, and anyone else acting on the MVTA's behalf;

"Taylor" refers to Defendant, James Taylor, including his agents, employees, attorneys, investigators, insurance company and its agents and employees, and anyone else acting on his behalf;

"Defendants" refers collectively to MVTA, TCI, and Taylor;

"Complaint" refers to the Amended Complaint filed by Plaintiff against Defendants now pending in the United States District Court for the District of Massachusetts, Civil Action No. 1:19-cv-11119-WGY;

"Answer" refers to the Answer and Counterclaim filed by TCI;

"Disciplinary actions" shall mean formal or informal reprimands, verbal and written warnings, suspensions, termination, and any other such measures;

"Statement" includes statements which have been recorded as well as those which have been reduced to writing, and includes unsigned as well as signed statements;

"Communication" is defined to be synonymous in meaning and equal in scope to the usage of that term in D. Mass Local Rule 26.5(c);

"Concerning" is defined to be synonymous in meaning and equal in scope to the usage of that term in D. Mass Local Rule 26.5(c);

"Document" is defined to be synonymous in meaning and equal in scope to the usage of that term in D. Mass Local Rule 26.5(c) and Rule 34(a) of the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term;

2

"Person" is defined to be synonymous in meaning and equal in scope to the usage of that term in D. Mass Local Rule 26.5(c).

## SUBJECT MATTER OF DEPOSITION

The subject matters of the deposition, of which the person or persons so designated to testify on behalf of TCI pursuant to Fed. R. Civ. P. 30(b)(6) shall have knowledge, are all of the following:

1.  The allegations outlined in the Complaint.

2.  The Answer to the Complaint, including the factual bases for each response, the factual bases for each affirmative defense, and the factual bases for the counterclaim.

3.  TCI's Position Statement filed with the Massachusetts Commission Against Discrimination in response to Brooks' MCAD Charge, including the factual bases for each response and the factual bases for each affirmative defense therein.

4.  Taylor's job description, duties, schedule, performance history, title changes, promotions and/or demotions while he was employed by TCI.

5.  The relationship between MVTA and TCI, including all agreements.

6.  The reasons why Taylor was terminated.

7.  All persons whom Taylor reported to during his employment.

8.  The organizational chart of TCI's employees, including, but not limited to, TCI's company hierarchy.

9.  All aspects of TCI's investigation(s) (if any) into the allegation made by Brooks as outlined in the Complaint.

10. Any and all communications between Brooks and TCI related to the allegations in the Complaint.

11. Any and all non-privileged communications between TCI and MVTA related to the allegations in the Complaint.

12. Any and all non-privileged communications between TCI and Taylor related to the allegations in the Complaint.

13. TCI's Human Resource policies, including but not limited to, anti-discrimination policies, and any trainings that Taylor attended.

14. The factual basis for each reason why TCI believes it is not liable to Brooks.

3

15. Any insurance policy related to this matter.

16. TCI's gross revenues for each of the following years: 2015, 2016, 2017, 2018, and 2019.

The oral examination will continue from day to day until completed.  Your attorney is invited to attend and cross-examine.

Respectfully submitted,

KEVIN BROOKS,

By his attorneys,

Dated: December 30, 2019

_____/s/ Eric R. LeBlanc_____

Eric R. LeBlanc (BBO# 666786)
eleblanc@bennettandbelfort.com
Craig D. Levey (BBO# 681531)
clevey@bennettandbelfort.com
Lauren B. Haskins (BBO# 696678)
lhaskins@bennettandbelfort.com
Bennett & Belfort, P.C.
24 Thorndike Street, Suite 300
Cambridge, MA 02141
(617) 577-8800

## CERTIFICATE OF SERVICE

I, Eric R. LeBlanc, hereby certify that on December 30, 2019, a true and correct copy of the foregoing document was served upon Defendants' respective attorneys of record by first class mail and email, as follows:

For Defendant Martha's Vineyard Transit Authority:

Marielise Kelly
Elise R. Marshall
Gargiulo / Rudnick, LLP
766 Falmouth Road, Unit A-6
Mashpee, MA 02649
mlk@grglaw.com
erm@grglaw.com


For Defendant Transit Connection, Inc.:

Paul G. Boylan
Thomas K. McCraw, Jr.
Freeman Mathis & Gary, LLP
60 State Street, 6th Floor
Boston, MA 02109
pboylan@fmglaw.com
tmccraw@fmglaw.com


For Defendant James Taylor:

John J. Lang
Lang & Associates
220 Broadway, Suite 105
Lynnfield, MA 01940
jlang@jlangandassociates.com


                                        /s/ Eric R. LeBlanc
                                        Eric R. LeBlanc

Dated: December 30, 2019

# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **KEVIN BROOKS,** | ) |
| *Plaintiff,* | ) |
| v. | ) Civil Action No. 1:19-cv-11119-WGY |
| **MARTHA'S VINEYARD** | ) |
| **TRANSIT AUTHORITY,** | ) |
| **TRANSIT CONNECTION, INC.,** | ) |
| **and JAMES TAYLOR.** | ) |
| *Defendants.* | ) |

**DEPOSITION NOTICE OF MARTHA'S VINEYARD TRANSIT AUTHORITY**
**PURSUANT TO F.R.C.P. 30(b)(6)**

To:    Marielise Kelly
       Gargiulo / Rudnick, LLP
       766 Falmouth Road, Unit A-6
       Mashpee, MA 02649
       mlk@grglaw.com

Defendant, Martha's Vineyard Transit Authority, is hereby commanded in accordance with the provisions of Federal Rule of Civil Procedure 30(b)(6) to appear at the offices of Bennett & Belfort, P.C., 24 Thorndike Street, Suite 300, Cambridge, Massachusetts on **Wednesday, January 15, 2020, at 10:00am.**, at which time the Plaintiff in this action, Kevin Brooks, by and through his attorneys, Bennett & Belfort, P.C., shall take the deposition upon oral examination of Martha's Vineyard Transit Authority, by a person or persons designated by Martha's Vineyard Transit Authority, by a person or persons who consent(s) to testify on behalf of Martha's Vineyard Transit Authority, before a Notary Public of the Commonwealth of Massachusetts, or before some other officer authorized by law to administer oaths.

**DEFINITIONS**

In preparing Defendant for this deposition, the following definitions should control, in conjunction with those definitions outlined in the Federal Rules of Civil Procedure and Local Rules, unless indicated otherwise by the context:

"Plaintiff" and "Brooks" refer to the Plaintiff, Kevin Brooks, his agents, attorneys and all others acting on his behalf;

1

"MVTA" refers to Defendant, Martha's Vineyard Transit Authority, including its agents, employees, attorneys, investigators, insurance company and its agents and employees, and anyone else acting on the MVTA's behalf;

"TCI" refers to Defendant, Transit Connection, Inc., including its agents, employees, attorneys, investigators, insurance company and its agents and employees, and anyone else acting on the TCI's behalf;

"Taylor" refers to Defendant, James Taylor, including his agents, employees, attorneys, investigators, insurance company and its agents and employees, and anyone else acting on his behalf;

"Defendants" refers collectively to MVTA, TCI, and Taylor;

"Complaint" refers to the Amended Complaint filed by Plaintiff against Defendants now pending in the United States District Court for the District of Massachusetts, Civil Action No. 1:19-cv-11119-WGY;

"Answer" refers to the Answer to the Complaint filed by MVTA;

"Disciplinary actions" shall mean formal or informal reprimands, verbal and written warnings, suspensions, termination, and any other such measures;

"Statement" includes statements which have been recorded as well as those which have been reduced to writing, and includes unsigned as well as signed statements;

"Communication" is defined to be synonymous in meaning and equal in scope to the usage of that term in D. Mass Local Rule 26.5(c);

"Concerning" is defined to be synonymous in meaning and equal in scope to the usage of that term in D. Mass Local Rule 26.5(c);

"Document" is defined to be synonymous in meaning and equal in scope to the usage of that term in D. Mass Local Rule 26.5(c) and Rule 34(a) of the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term;

"Person" is defined to be synonymous in meaning and equal in scope to the usage of that term in D. Mass Local Rule 26.5(c).

## SUBJECT MATTER OF DEPOSITION

The subject matters of the deposition, of which the person or persons so designated to testify on behalf of MVTA pursuant to Fed. R. Civ. P. 30(b)(6) shall have knowledge, are all of the following:

1. The allegations outlined in the Complaint.

2. The Answer to the Complaint, including the factual bases for each response and the factual bases for each affirmative defense therein.

3. MVTA's Position Statement filed with the Massachusetts Commission Against Discrimination in response to Brooks' MCAD Charge, including the factual bases for each response and the factual bases for each affirmative defense therein.

4. Taylor's job description, duties, schedule, performance history, title changes, promotions and/or demotions.

5. The relationship between MVTA and TCI, including all agreements.

6. The reasons why Taylor was terminated.

7. All persons whom Taylor reported to during his employment.

8. The organizational chart of MVTA's employees, including, but not limited to, MVTA's company hierarchy.

9. All aspects of MVTA's investigation(s) (if any) into the allegation made by Brooks as outlined in the Complaint.

10. Any and all communications between Brooks and MVTA related to the allegations in the Complaint.

11. Any and all non-privileged communications between MVTA and TCI related to the allegations in the Complaint.

12. Any and all non-privileged communications between MVTA and Taylor related to the allegations in the Complaint.

13. MVTA's Human Resource policies, including but not limited to, anti-discrimination policies, and any trainings that Taylor attended.

14. The factual basis for each reason why MVTA believes it is not liable to Brooks.

15. Any insurance policy related to this matter.

3

16. MVTA's gross revenues for each of the following years: 2015, 2016, 2017, 2018, and 2019.

The oral examination will continue from day to day until completed.  Your attorney is invited to attend and cross-examine.

Respectfully submitted,

KEVIN BROOKS,

By his attorneys,

Dated: December 30, 2019

_/s/ Eric R. LeBlanc_

Eric R. LeBlanc (BBO# 666786)
eleblanc@bennettandbelfort.com
Craig D. Levey (BBO# 681531)
clevey@bennettandbelfort.com
Lauren B. Haskins (BBO# 696678)
lhaskins@bennettandbelfort.com
Bennett & Belfort, P.C.
24 Thorndike Street, Suite 300
Cambridge, MA 02141
(617) 577-8800

4

## CERTIFICATE OF SERVICE

I, Eric R. LeBlanc, hereby certify that on December 30, 2019, a true and correct copy of the foregoing document was served upon Defendants' respective attorneys of record by first class mail and email, as follows:

For Defendant Martha's Vineyard Transit Authority:

Marielise Kelly
Elise R. Marshall
Gargiulo / Rudnick, LLP
766 Falmouth Road, Unit A-6
Mashpee, MA 02649
mlk@grglaw.com
erm@grglaw.com


For Defendant Transit Connection, Inc.:

Paul G. Boylan
Thomas K. McCraw, Jr.
Freeman Mathis & Gary, LLP
60 State Street, 6th Floor
Boston, MA 02109
pboylan@fmglaw.com
tmccraw@fmglaw.com


For Defendant James Taylor:

John J. Lang
Lang & Associates
220 Broadway, Suite 105
Lynnfield, MA 01940
jlang@jlangandassociates.com


_/s/ Eric R. LeBlanc_
Eric R. LeBlanc

Dated: December 30, 2019

5

# EXHIBIT 4

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **KEVIN BROOKS,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | **Civil Action No. 1:19-cv-11119-WGY** |
| | ) | |
| **MARTHA'S VINEYARD** | ) | |
| **TRANSIT AUTHORITY,** | ) | |
| **TRANSIT CONNECTION, INC.,** | ) | |
| **and JAMES TAYLOR.** | ) | |
| | ) | |
| *Defendants.* | ) | |

### NOTICE OF DEPOSITION OF JAMES TAYLOR

To:    John J. Lang
      Lang & Associates
      220 Broadway, Suite 105
      Lynnfield, MA 01940
      jlang@jlangandassociates.com

Please take notice that at **10:00 a.m. Eastern Standard Time on <u>Friday, January 17, 2020</u>**, Plaintiff, Kevin Brooks, by his attorneys, will take the deposition upon oral examination of Defendant, James Taylor.  The deposition will be taken at Bennett & Belfort, P.C., 24 Thorndike Street, Suite 300, Cambridge, MA 02141, before a Notary Public in and for the Commonwealth of Massachusetts or before some other officer authorized by law to administer oaths.  The oral examination will continue from day-to-day until completed.  You are invited to attend and cross-examine.

                Respectfully submitted,

                KEVIN BROOKS,
                By his attorneys,


Dated: December 30, 2019           */s/ Eric R. LeBlanc*
                Eric R. LeBlanc (BBO# 666786)
                eleblanc@bennettandbelfort.com
                Craig D. Levey (BBO# 681531)
                clevey@bennettandbelfort.com
                Lauren B. Haskins (BBO# 696678)
                lhaskins@bennettandbelfort.com
                Bennett & Belfort, P.C.
                24 Thorndike Street, Suite 300
                Cambridge, MA 02141
                (617) 577-8800

## CERTIFICATE OF SERVICE

I, Eric R. LeBlanc, hereby certify that on December 30, 2019, a true and correct copy of the foregoing document was served upon Defendants' respective attorneys of record by first class mail and email, as follows:

For Defendant Martha's Vineyard Transit Authority:

Marielise Kelly
Elise R. Marshall
Gargiulo / Rudnick, LLP
766 Falmouth Road, Unit A-6
Mashpee, MA 02649
mlk@grglaw.com
erm@grglaw.com

For Defendant Transit Connection, Inc.:

Paul G. Boylan
Thomas K. McCraw, Jr.
Freeman Mathis & Gary, LLP
60 State Street, 6th Floor
Boston, MA 02109
pboylan@fmglaw.com
tmccraw@fmglaw.com

For Defendant James Taylor:

John J. Lang
Lang & Associates
220 Broadway, Suite 105
Lynnfield, MA 01940
jlang@jlangandassociates.com

_____ */s/ Eric R. LeBlanc* _____
Eric R. LeBlanc

Dated: December 30, 2019

# EXHIBIT 5

| Filters Used: | Email Report | Date Printed: **1/02/2020** |
|---|---|---|
| 1 Tagged   Record | Form Format | Time Printed: **11:40AM** |
| | | Printed By:  **MLK** |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Date | **12/27/2019** | Time | **12:43PM**   12:43PM | Duration | **0.00**   (hours) | Code | **Clnt Related** |
| Subject | **Re: Brooks v. Martha's Vineyard Transit Authority et al.** | | | | | Staff | **Marielise Kelly** |
| Client | **Eric R. LeBlanc** | | MatRef | **MARTHA'S VINEYARD TRANSIT AU** | MatNo | |
| From | ELeBlanc@bennettandbelfort.com | | | | | | |
| To | mlk@grglaw.com | | | | | | |
| CC To | jlang@jlangandassociates.com;  pboylan@fmglaw.com;  CLevey@bennettandbelfort.com | | | | | | |
| Bcc To | | | | | | | |
| Reminders | | (days before) Follow  N   Done  N   Notify  N   Hide  N   Trigger  N   Private  N   Status | | | | | | |
| Attch Desc | | | | User3 | | | |
| User2 | | | | User4 | | | |

Marielise,

My other Janaury case settled today. I am duty bound to inform Judge Young.
Starting early next week we will begin working on our pre-trial filings.  January 10
will work for Mr. Brooks' schedule.

We were going to do both TCI's deposition and VTA's deposition concurrently on
January 15 at 11 a.m.  Can your office accommodate two depositions at the same time?
If so, please pencil us in and we'll let you know if we decide on an alternate
location by the end of next week.  We will also send deposition notices on Monday.

We will ask for dates for Mr. Taylor's deposition after those dates, if necessary.

EL

On Fri, Dec 27, 2019, 11:39 AM Marielise Kelly <mlk@grglaw.com> wrote:

Eric / Craig:

In follow up to the email chain below,

I have authority to increase the offer of settlement to $50,000. In connection
with a release for all Defendants;
It looks like Friday 1/10 is a good day for you, as well as other counsel to do
Mr. Brooks' deposition.  I will notice that for 11:00 a.m. at my Mashpee office
on 1/10.
Please let us know which dates you or Craig would like to proceed for
depositions of VTA, TCI and Mr. Brooks during the week of 1/13 (recognizing that 1/16 is
unavailable for Attorney Lang per the email below).  I continue to offer you my Mashpee
office if you would like to do these depositions there as it is well within 50 miles
from the island, but may be more convenient for you not to have to travel to the
island.   Also, if you have a Schedule A for your 30(b) (6) deposition notice that would
be helpful to insure that I produce the correct witness for you.   I expect I
will be producing Angie Grant, VTA administrator, but the content of your notice
could affect my decision.

Thank you.

Marielise Kelly

| Filters Used: | | |
|---|---|---|
| 1 Tagged   Record | # Email Report<br><br>Form Format | Date Printed: **1/02/2020**<br>Time Printed: **11:43AM**<br>Printed By:  **MLK** |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Date | **12/27/2019** | Time | **1:13PM** | **1:13PM** | Duration | **0.00** (hours) | Code  **Clnt Related** |
| Subject | **Re: Brooks v. Martha's Vineyard Transit Authority et al.** | | | | | | Staff  **Marielise Kelly** |
| Client | Eric R. LeBlanc | | | MatRef | **MARTHA'S VINEYARD TRANSIT AU** | MatNo |
| From | ELeBlanc@bennettandbelfort.com | | | | | |
| To | mlk@grglaw.com | | | | | |
| CC To | jlang@jlangandassociates.com; pboylan@fmglaw.com; CLevey@bennettandbelfort.com | | | | | |
| Bcc To | | | | | | |
| Reminders | (days before) Follow  N   Done  N   Notify  N   Hide  N   Trigger  N   Private  N   Status |

| | |
|---|---|
| Attch Desc | User3 |
| User2 | User4 |

Marielise,

We are doing them concurrently for a strategic reason (i.e. we don't want the testimony of one affecting the other). We are certainly entitled to take the depositions this way, and that's how we are going to do it. Additionally, we do not think we would be able to finish both depositions back to back in one day, and we are trying to be as efficient as possible with time/rides down to Mashpee (especially considering the cost/fee shifting contained in the statutes we are proceeding under). Therefore, we will be noticing the depositions as indicated in my prior email.

Finally, thank you for your increased settlement offer. To basically move the ball as far as it can move (and determine if settlement is a real possibility), my client has authorized me to lower his demand substantially and make a last, best and final settlement demand. Mr. Brooks' last, best and final settlement demand is $600,000.

As always, I am happy to discuss any or all portions of this email. Thanks.

EL

On Fri, Dec 27, 2019 at 12:52 PM Marielise Kelly <mlk@grglaw.com> wrote:

Eric:

I will hold 1/15 at 11:00 a.m. for you. We have plenty of physical space in Mashpee for depositions (multiple conference rooms). I am requesting, however, that you do the depositions one followed by the other on 1/15. I cannot be present in two separate depositions at the same time and I suspect other defense counsel may have the same problem.

Thank you.

Marielise

Marielise Kelly?
Gargiulo / Rudnick, LLP

Attorneys at Law
766 Falmouth Road, Suite A-6

## Marielise Kelly

| | |
|---|---|
| **From:** | Eric LeBlanc <ELeBlanc@BennettAndBelfort.com> |
| **Sent:** | Monday, December 30, 2019 10:48 AM |
| **To:** | Marielise Kelly |
| **Cc:** | CLevey@bennettandbelfort.com; 'Paul G. Boylan'; 'Thomas K. McCraw Jr.'; 'John Lang'; Elise R. Marshall |
| **Subject:** | RE: Brooks v. MVRTA et al |

Marielise,

I will plan to chat with you at 1 p.m.

In advance of our call I will make an offer of compromise (despite the fact that I have found case law where simultaneous depositions have been allowed). I will take TCI's deposition on 1/13, I will take MVTA's deposition of 1/15 and I will take Mr. Taylor's deposition on 1/17. These depositions will take place at my office in Cambridge (75 miles from the Vineyard as the crow flies and 96 miles from the Vineyard using boat and car transportation). If there is continued dispute over the location of the depositions, my intentions will revert back to taking TCI's and MVTA's deposition simultaneously on 1/15 (in order to take care of any concerns relating to the cost/expense of traveling/time). I make this offer of compromise because of the quickly nearing trial date, and the Court's denial of the Motion to Continue that date.

Moreover, and as previously discussed, I would be happy to informally provide you documents responsive to document requests, but for where we are in the case, I will not be responding to written discovery (discovery passed long ago, and the Court has refused any wholesale re-opening of discovery (instead Judge Young allowed depositions to move forward on a limited basis which I have fully accomodated)). To be sure, any and all discovery you may need in this matter is obtainable through deposition of Mr. Brooks on 1/10 as agreed. Please indicate whether you would like me to informally produce documents to you (however, I will tell you they are largely duplicative of what your client has already produced in this litigation (i.e. the media coverage/social media posts). There may be a limited medical record that I have asked my client to obtain. That said, the remainder of your requests are completely irrelevant and unrelated to the case (i.e. tax returns, criminal history, etc., etc.).

I look forward to chatting at 1 p.m.

EL

Eric R. LeBlanc, Esq.
Bennett & Belfort, P.C.
24 Thorndike Street, Suite 300
Cambridge, MA 02141
Telephone: 617.577.8800 x205
Facsimile   : 617. 577. 8811
E-mail:eleblanc@bennettandbelfort.com
Web:www.bennettandbelfort.com

Please see our blog: THE B&B DOCKET at http://www.bennettandbelfort.com/blog/

IRS CIRCULAR 230 NOTICE

In compliance with IRS requirements, we inform you that any U.S. tax
advice contained in this communication is not intended or written to be
used. and cannot be used. for the purpose of avoiding tax penalties or

in connection with marketing or promotional materials.

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments
to this message are intended for the exclusive use of the addressee(s)
and may contain confidential or privileged information. If you are
not the intended recipient, or the person responsible for delivering the
e-mail to the intended recipient, be advised you have received this
message in error and that any use, dissemination, forwarding, printing,
or copying is strictly prohibited. Please notify Bennett & Belfort, P.C.
immediately at (617) 577 8800, and destroy all copies of this message
and any attachments. You will be reimbursed for reasonable costs
incurred in notifying us.

**From:** Marielise Kelly [mailto:mlk@grglaw.com]
**Sent:** Monday, December 30, 2019 9:48 AM
**To:** Eric LeBlanc
**Cc:** CLevey@bennettandbelfort.com; 'Paul G. Boylan'; 'Thomas K. McCraw Jr.'; 'John Lang'; Elise R. Marshall
**Subject:** RE: Brooks v. MVRTA et al

Today is good for an LR 7.1 call.   How about 1:00 p.m.?   Anyone who would like to join in on the call is welcome.

M

**Marielise Kelly**
Gargiulo / Rudnick, LLP
Attorneys at Law
766 Falmouth Road, Suite A-6
Mashpee, MA 02649
**t** 508 477 6400
**f** 508 477 0455
www.grglaw.com

Please consider the environment before printing this message.
This e-mail and any attachments thereto are intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential
information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and
any attachments thereto, is strictly prohibited. If you have received this e-mail by error, please immediately notify me by return e-mail and permanently
delete the original and any copy of this e-mail message or attachment and any printout thereof.

**From:** Eric LeBlanc <ELeBlanc@BennettAndBelfort.com>
**Sent:** Monday, December 30, 2019 9:38 AM
**To:** Marielise Kelly <mlk@grglaw.com>
**Cc:** CLevey@bennettandbelfort.com; 'Paul G. Boylan' <pboylan@fmglaw.com>; 'Thomas K. McCraw Jr.'
<tmccraw@fmglaw.com>; 'John Lang' <jlang@jlangandassociates.com>; Elise R. Marshall <erm@grglaw.com>
**Subject:** RE: Brooks v. MVRTA et al

Marielise,

I am not available tomorrow.  I can chat later today if you'd like; otherwise, I'd be happy to connect on Thursday. Let me
know.  The current offer is rejected.

I will be reaching out to Clerk Gaudet today.  Also, let's plan to connect (all of us) by the end of the week for all pre-trial
filings. Let me know what works, but I will try to have drafts to circulate by Thursday.

Eric R. LeBlanc, Esq.
Bennett & Belfort, P.C.
24 Thorndike Street, Suite 300
Cambridge, MA 02141
Telephone: 617.577.8800 x205

Facsimile   : 617. 577. 8811
E-mail: eleblanc@bennettandbelfort.com
Web: www.bennettandbelfort.com

Please see our blog: THE B&B DOCKET at http://www.bennettandbelfort.com/blog/

IRS CIRCULAR 230 NOTICE

In compliance with IRS requirements, we inform you that any U.S. tax
advice contained in this communication is not intended or written to be
used, and cannot be used, for the purpose of avoiding tax penalties or
in connection with marketing or promotional materials.

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments
to this message are intended for the exclusive use of the addressee(s)
and may contain confidential or privileged information. If you are
not the intended recipient, or the person responsible for delivering the
e-mail to the intended recipient, be advised you have received this
message in error and that any use, dissemination, forwarding, printing,
or copying is strictly prohibited. Please notify Bennett & Belfort, P.C.
immediately at (617) 577 8800, and destroy all copies of this message
and any attachments. You will be reimbursed for reasonable costs
incurred in notifying us.

**From:** Marielise Kelly [mailto:mlk@grglaw.com]
**Sent:** Monday, December 30, 2019 8:51 AM
**To:** Eric LeBlanc
**Cc:** CLevey@bennettandbelfort.com; Paul G. Boylan (pboylan@fmglaw.com); Thomas K. McCraw Jr.
(tmccraw@fmglaw.com); John Lang; Elise R. Marshall
**Subject:** Brooks v. MVRTA et al

Good morning, Eric:

In response to your December 27, 2019 "last, best and final" settlement demand of $600,000., I have authority to
increase the settlement offer to $60,000. Representing an offer to settle all claims against all Defendants.

Are you available today or tomorrow for a L.R. 7.1 conference to discuss: 1.  Your intention to take simultaneous
depositions of defendants; 2.  Your intention to take the depositions of these Martha's Vineyard deponents in
Cambridge, MA; and 3.  Your failure / refusal to respond to written discovery requests issued to Plaintiff before the
statutory stay of discovery.   I intend to file a motion for protective order related to these topics to the extent we are
unable to resolve these issues in conference.   You have invited Defendants to provide authority for their positions
objecting to simultaneous depositions.   To the extent that you have any legal authority to support your position, that
would be of interest.

Also, lets set up a time that is mutually convenient for all to get the Joint Pre-Trial Memorandum done, List of Exhibits,
and whatever else is required by the court's order.   Do you have a first draft of these materials prepared.

Also, have you reported to the court that your other case has settled?

Best,

Marielise


**Marielise Kelly**
Gargiulo / Rudnick, LLP
Attorneys at Law
766 Falmouth Road, Suite A-6

**Marielise Kelly**

| | |
|---|---|
| **From:** | Eric LeBlanc <ELeBlanc@BennettAndBelfort.com> |
| **Sent:** | Thursday, January 2, 2020 10:47 AM |
| **To:** | Marielise Kelly |
| **Cc:** | CLevey@bennettandbelfort.com; 'Paul G. Boylan'; 'Thomas K. McCraw Jr.'; 'John Lang'; Elise R. Marshall |
| **Subject:** | RE: Brooks v. MVRTA et al |

Marielise,

Thanks for chatting earlier.  The more I have thought about it, I came up with one final potential for a solution.  So, here is my final proposal regarding depositions to attempt to stave off what I believe to be is wasteful motion practice.

I will agree to come to your office in Mashpee on January 10, 2019 for the deposition of my client, Mr. Brooks.  That deposition will be limited to 3.5 hours.  After Mr. Brooks' deposition, we will proceed immediately into a deposition of Mr. Taylor (at your office in Mashpee), which will again be limited to 3.5 hours.

Thereafter, on any of the three current deposition days (1/13, 1/15 or 1/17), we will take the depositions of MVTA and TCI (again, all limited to 3.5 hours) at my office in Cambridge, pursuant to the 30(b)(6) notices sent.  Please let me know if this meets Defendants' approvals.  If so, I will send out updated deposition notices.

The other options I already outlined to you remain available (i.e. concurrent depositions of TCI and MVTA on 1/15 at your office in Mashpee, with a deposition of Mr. Taylor to occur at some other date, or proceed with the depositions as currently noticed).  These depositions would not contain any time restrictions outside of those required in the Federal Rules.

Please let me know your thoughts.  Thanks.

EL

Eric R. LeBlanc, Esq.
Bennett & Belfort, P.C.
24 Thorndike Street, Suite 300
Cambridge, MA 02141
Telephone: 617.577.8800 x205
Facsimile   : 617. 577. 8811
E-mail:eleblanc@bennettandbelfort.com
Web:www.bennettandbelfort.com

Please see our blog: THE B&B DOCKET at http://www.bennettandbelfort.com/blog/

IRS CIRCULAR 230 NOTICE

In compliance with IRS requirements, we inform you that any U.S. tax advice contained in this communication or written to be used, and cannot be used, for the purpose of avoiding tax penalties or in connection with marketing or promotional materials.

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, or the person responsible for delivering the e-mail to the intended recipient, be advised you have received this